UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CYNTHIA ANNE COLE                    CIVIL ACTION NO. 14-cv-0477

VERSUS                                JUDGE HICKS

JAMES ROBERT COLE, JR.                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff's complaint invokes the Court's diversity jurisdiction, so the burden is on Plaintiff to set forth facts that establish complete diversity of citizenship and an amount in controversy in excess of $75,000.  Plaintiff will need to file an amended complaint to ensure that she has pleaded the necessary facts.  She may do so without leave of court if she acts within the time permitted by Fed. R. Civ. Pro. 15.

Plaintiff alleges that she and defendant James Robert Cole, Jr. are residents of Texas and Louisiana, respectively.  It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).  A person may be a resident of two or more states, but he has only one domicile at any time.  Plaintiff will need to allege the state in which she and Defendant are domiciled and, therefore, citizens.

Defendant is accused of breaching his fiduciary duties as the representative of his father's estate.  When a person is sued as the legal representative of an estate of a decedent,

he is deemed to be a citizen only of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Plaintiff, to the extent she is suing Defendant in that capacity, must allege the state in which James Robert Cole, Sr. was a domiciliary at the time of his death in 2007.

The complaint implies that the amount in controversy exceeds $75,000, given that it regards significant shares in a bank, but the complaint does not squarely allege that the amount in controversy exceeds $75,000. Plaintiff need not allege the exact amount of damages she seeks, but a good-faith allegation of damages in excess of the jurisdictional amount is required to ensure the existence of diversity jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge